# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| JOHN K. KIRTON, | : | |
| Petitioner | : | |
| VS. | : | |
| STATE OF GEORGIA, | : | NO. 5:07-CV-344 (HL) |
| Respondent | : | **O R D E R** |

In this action, petitioner **JOHN KIRTON** seeks to "remove" under 28 U.S.C. § 1443(1) the case of *The State of Georgia v. John Kevin Kirton*, case number 07CR-22027, from the Superior Court of Jones County, Georgia, to federal court. According to the indictment Kirton attached to his petition, a state grand jury indicted Kirton in August 2007 on four charges, including possession of cocaine. Kirton provides no grounds for removal; he merely tries to argue to this Court why the indictment against him should be dismissed.

Petitioner's request for removal must be denied because to remove a case under section 1443(1), a criminal defendant must make a showing of racial discrimination. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) ("Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice."). Petitioner has no made no allegation of racial discrimination.

1

To the extent that petitioner seeks to challenge the validity of his indictment, this action cannot proceed. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that concerns of equity, comity, and federalism require that federal courts abstain from interfering with state court criminal proceedings absent "extraordinary circumstances." *Younger* abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional issues. *Middlesex Co. Ethics Comm'n v. Garden State Bar Ass'n*, 57 U.S. 423, 432 (1982). Each of the requirements of *Younger* is satisfied and this Court must abstain from interfering in plaintiff's ongoing criminal prosecution in Georgia.

This Court can thus discern no valid reasons for considering the merits of petitioner's claims at this time. In light of the above, the instant case is hereby **DISMISSED**.

**SO ORDERED**, this 15th day of October, 2007.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr